## RICHARD S. CRAMER *et al.*

*v.*

## WELLS WILLETTS.

1. PAYMENT—*agreement as to credits.* Where a note was indorsed by the payee after its maturity, any amount, either in money or property, which by agreement between the payee and the maker, or by direction of the maker, was received by the payee before the transfer, to be applied on the note, should be allowed as a discharge *pro tanto* on bill by the indorsee to foreclose a mortgage securing the note.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. BASSETT & CONNELL, for the appellants.

Messrs. PEPPER & WILSON, for the appellee.

Per CURIAM: The decree rendered in this case is ineqitable, and must be reversed.

The note secured by the mortgage was executed by appellant to one Mannon, who assigned it to appellee in 1869, and long after its maturity. Any amount, therefore, either in money or property, which, by agreement between the creditor and debtor, or by direction of the debtor, was received by the creditor, to be applied on this note, was *pro tanto* a discharge of it.

Cramer testified that he gave positive directions that $50, which he paid and which Mannon acknowledged the reception of, should be placed as a credit on the note. He and Mannon both testified that $72 worth of hay, by agreement between them, was a proper credit.

The debtor testified that numerous other articles received by the creditor, after the maturity of the note, and prior to its assignment, were, by agreement, to be credited upon it.

Mannon makes a very equivocal denial.

31—61ST ILL.

The creditor had no right to disregard this agreement, and the appropriation of the $50, without the consent of the debtor.

Did he assent to any other application? We think not.

The first item of Mannon's account is, "due on settlement, $51.14," dated September 18, 1868, subsequent to the delivery to him of the hay and other articles. He merely stated that this was correct, but there is no evidence whatever that this settlement included the articles for which credit is claimed. It is not a fair and legitimate inference that they were included, in the absence of any proof. The debtor and creditor had made an appropriation, and, after the agreement between them, the debtor had a right to suppose that the property had been credited on the note, and it would be most unnatural that he should produce an account of the same property for settlement in 1868, when it had been delivered in the years 1864, 1865 and 1866.

The decree is reversed and the cause remanded.

*Decree reversed.*